UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES W. ROGERS,
  Plaintiff,

vs.                       No. 11-1237, 11-1310

PEORIA COUNTY JAIL,
  Defendant

## CASE MANAGEMENT ORDER

This cause is before the court for case management. On June 24, 2011, the pro se Plaintiff sent a letter to the court stating that he was in the Peoria County Jail and his rights were being violated. The Plaintiff stated that Jail Officials were not protecting his safety and he had medical problems. At the end of his letter, the Plaintiff wrote: "Relief Requested: I wish to file a Civil Claim. Please send me a claim #." (Comp., p. 1)

The letter was docketed as a complaint pursuant to 42 U.S.C. §1983 against the Peoria County Jail. *see Bahler v Lopez*, 2007 WL 1375924 (7th Cir. May 10, 2007)(clerk may not refuse pro se plaintiff's initial submission, a letter, for failing to follow Fed.R.Civ.P.16.3(A)(8)); *Robinson v Doe*, 272 F.3d 921, 922-23 (7th Cir. 2001)(holding that a complaint is filed for statute of limitations purposes when the clerk "receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like..."); *Martin v Demma*, 831 F.2d 69, 71 (5th Cir. 1987)(clerk shall not refuse to accept for filing a complaint because it is not presented in proper form as required by federal or local rules). The Plaintiff was also informed that if he wished to pursue litigation, he must either pay the entire $350 filing fee or file a motion to proceed *in forma pauperis*. June 27, 2011 Text Order. The Plaintiff responded by filing a motion to proceed *in forma pauperis*. [d/e 2]

On July 21, 2011, the court informed the Plaintiff that his letter was not sufficient and he needed to provide more information about his claims. The court instructed the Clerk of the Court to provide the Plaintiff with a blank §1983 complaint form and told the Plaintiff to provide a brief statement of his claims including a general time frame and the Defendants involved. *See* July 21, 2011 Text Order. The Plaintiff was also informed that if he did not intend to pursue litigation, he should state this in writing and provide it to the court. The Plaintiff was admonished that if he did nothing, his case would be dismissed, but he would still be responsible for payment of the filing fee.

The Plaintiff responded with three more letters to the court. [d/e 3, 4, 5] The Plaintiff asked the court to intervene in pending criminal charges and file criminal charges against others. The Plaintiff also complained of problems with a Freedom of Information Act request.

On August 2, 2011, the court admonished the Plaintiff not to send further letters to the court. Instead, he could file motions specifically stating what action he was requesting regarding his current litigation. The court advised the Plaintiff that it could not intervene in his pending state criminal action and could not bring criminal charges against another individual. The Plaintiff was again advised that if he wished to pursue litigation, he must follow the court's direction and file an amended complaint clearly setting out his claims. *See* August 2, 1011 Text Order. The court gave the Plaintiff additional time and the Plaintiff was again admonished that if he did not file his amended complaint by the new deadline, his case would be dismissed.

The Plaintiff then filed a new complaint, but did not put his case number on the document. In addition, the Plaintiff filed another motion to proceed *in forma pauperis* with his complaint. Therefore, the clerk of the court filed the complaint and the motion to proceed *in forma pauperis* as a new lawsuit, *Rogers v. McCoy*, Case No. 11-1310. The Plaintiff has now filed a letter in his original case, stating that it was not his intent to open a second lawsuit. Therefore, the court will dismiss the second lawsuit, *Rogers v McCoy*, Case No. 11-1310 and no filing fee will be accessed. In addition, the clerk will be directed to file the complaint from the second case, *Rogers v. McCoy*, Case No. 11-1310, as an amended complaint in this original case, *Rogers v. Peoria County Jail*, Case No. 11-1237. The Plaintiff is advised that to prevent any further confusion in this litigation, he must ALWAYS put Case No. 11-1237 on any document he intends to file in this lawsuit.

The court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff filed his amended complaint pursuant to 42 U.S.C.§1983 again claiming that his constitutional rights were violated at the Peoria County Jail. The Plaintiff has now identified four Defendants including Sheriff Michael McCoy, Correctional Superintendent Brian Asbell, Assistant Sheriff Robert McCoy, and Nurse Sally Foley. The Plaintiff has also listed an unspecified number of John Doe Defendants. The court will dismiss Defendant Peoria County Jail since the Plaintiff does not identify the jail as a Defendant in his amended complaint and a jail is not a proper Defendant pursuant to §1983. *See Powell v. Cook County Jail*, 814 F.Supp. 757 (N.D.Ill.1993).

The body of the Plaintiff's complaint is a list of various problem at the Peoria County Jail. The Plaintiff first complains about the medical care.. The Plaintiff says when he was booked into the jail on May 27, 2011, he told an officer that his hand was swollen and he thought it might be broken. He also told the officer that he thought he might have kidney damage because he was passing blood in his urine. The Plaintiff says his complaints were completely ignored for two weeks. The Plaintiff was able to see a doctor on June 6, 2011, but says he was not given any treatment. The Plaintiff also claims an x-ray was taken of his hand, but its not

clear if he received the results.

It appears the Plaintiff was a pretrial detainee during the relevant time period of his complaint. Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment, but the court evaluates the claim using the same standards as an Eighth-Amendment claim. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir.2007). Therefore, the Plaintiff must show that he suffered from a serious medical need and that the Defendants were deliberately indifferent to that need. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir.2008). The injury or need must be objectively serious, *and* the official must personally know of the risk and consciously disregard it. *See Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Mathis v. Fairman*, 120 F.3d 88. 91 (7th Cir. 1997); *Wynn v. Southward*, 251 F.3d at 593 (2001). Inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997).

It is not clear from the Plaintiff's complaint whether his hand injury rose to the level of a serious medical condition. *Boyce v. Moore*, 314 F.3d 884, 890 (7th Cir.2002) (if officials are aware only of minor symptoms, like swelling, the Plaintiff is not entitled to relief). In addition, the Plaintiff has not clarified any other medical condition. The Plaintiff has also failed to state that any specific Defendant was aware he was suffering from a serious medical need and was deliberately indifferent. However, since the Plaintiff is proceeding *pro se* and might be able to clarify these claims, the court will allow the Plaintiff one more opportunity to file an amended complaint. He should specifically state his medical condition as well as which Defendants were aware of that condition and refused to provide him care.

The Plaintiff next complains that he was moved to a new cell that was further away from the Health Care Unit and when he complained about it, he was moved even farther away. The Plaintiff says the next day he was assaulted by an inmate. The Plaintiff has again failed to mention one of the named Defendants, and he has failed to state a violation of his constitutional rights.

"Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm from other prisoners." *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). Failure to provide this protection violates the constitution only if "deliberate indifference by prison officials [to the prisoner's welfare] effectively condoms the attack by allowing it to happen." *Haley v Gross*, 86 F. 3d 630, 640 (7th Cir. 1996). "Thus, in order to establish the liability of a prison official, a Plaintiff must establish that the official knew of the risk (or a high probability of the risk) and did nothing." *Pope v Shafer,* 86 f.3d 90, 92 (7th Cir. 1996). "[A] negligent failure to protect an inmate from harm by fellow inmates is not actionable under the Eighth Amendment or directly under the Due Process Clause." *Lewis El v. O'Leary*, 631 F.Supp. 60, 62 (N.D.Ill.1986).

The Plaintiff does not allege that he felt the other inmate was a danger to him, nor that he told any Defendant that he was in danger, nor that the Defendants had any other way of knowing the inmate posed a specific danger to the Plaintiff. Therefore, he has failed to articulate a

3

constitutional violation.

Finally, the Plaintiff makes some general claims that his cell was dirty and one piece of legal mail was opened before he received it. The Plaintiff does not name any specific Defendant that was aware of either claim, nor is it clear from the complaint that either incident rises to the level of a constitutional violation

The Plaintiff will again be given an opportunity to clarify his claims. The Plaintiff is admonished that he can not bring unrelated claims in a single case. In *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals stated that "[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. *Id.* The Seventh Circuit has instructed that such "buckshot" complaints should be "rejected." *Id.*

The Plaintiff is also reminded that a Defendant cannot be held liable under 42 USC §1983 unless the Plaintiff can demonstrate that the Defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). The mere fact that a Defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . ." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Finally, the Plaintiff must do more than simply list a Defendant in the caption of his complaint in order to establish liability under §1983. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints.") *see also Black v Lane*, 22 F.3d 1395, 1401 FN 8 (7th Cir. 1994); *Brown v County of Cook, Ill*, 2010 WL 3398940 at 1 (N.D.Ill. Aug. 24, 2010).

**IT IS THEREFORE ORDERED that:**

**1) The clerk of the court is directed to dismiss *Rogers v McCoy*, Case No. 11-1310 in its entirety. The Plaintiff did not intend to open a second lawsuit. No filing fee will be accessed. In addition, the clerk should file the complaint in *Rogers v. McCoy*, Case No. 11-1310, as an "amended complaint" in this case, *Rogers v. Peoria County Jail*, Case No. 11-1237. The clerk should add Defendants Michael McCoy, Brian Asbell, Sally Foley and "Unknown Others" as Defendants in Case No. 11-1237. The clerk of the court should also dismiss Defendant Peoria County Jail as the jail is not a proper Defendant pursuant to §1983 and the Plaintiff does not make reference to this defendant in his amended complaint in Case No. 11-1237.**

**2) The Plaintiff is admonished that he must ALWAYS put Case No. 11-1237 on any**

4

**document he intends to file in this lawsuit.**

**3) The Plaintiff's amended complaint in Case No. 11-1237 is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. § 1915A.**

**4) The Plaintiff will be given one final opportunity to file a second amended complaint clarifying his claims. The Plaintiff must do more than list Defendants in the caption of his complaint. He must also state how each Defendant is involved in his claims. The clerk of the court is to provide the Plaintiff with a blank complaint form to assist him. The Plaintiff must file his second amended complaint on or before November 23, 2011. If the Plaintiff fails to file a second amended complaint by this date, his case may be dismissed.**

**5) This case, Case No. 11-1237, is set for a merit review hearing on the second amended complaint on December 20, 2011 at 10:00 a.m. by telephone conference call.**

**6) The clerk of the court is directed to file this order in Case No. 11-1237 and Case No. 11-1310.**

Entered this 24th day of October, 2011.

s/Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE